BANK OF HAWAII, Plaintiff

v.

ROPATI S. PENE and CARMENCITA
PENE, Defendants

High Court of American Samoa
Trial Division

CA No. 28-88

March 30, 1989

Before REES, Associate Justice.

Counsel: For Plaintiff, John Ward
Defendants Ropati S. Pene and Carmencita
Pene pro se

On "Motion in Apposition to Proposed Judgment":

On July 18, 1988, the Court granted plaintiff's motion for summary judgment. The Court held that, assuming all disputed facts in the light most favorable to defendants, the defenses raised were insufficient as a matter of law. Plaintiff was therefore entitled to recover the unpaid balance of $4750 on its loan to defendants plus accrued interest, court costs, and attorney fees to be proved by affidavit. 8 A.S.R. 30 (1988).

On July 28, 1988, defendants moved for reconsideration. The Court held a hearing on September 2, 1988, and denied the motion for reconsideration except that the 18% interest rate specified in the original judgment was reduced to 15%. The Court ordered the Bank to submit a proposed judgment reflecting the revised interest rate.

Due to an apparent misunderstanding of the Court's order, the Bank did not file a proposed judgment until January 30, 1989. After reviewing the proposed judgment to ensure that it accurately reflected the revised judgment that had been announced from the bench, the Court signed it. Defendant R.S. Pene then filed the present motion.

Defendant urges that at the September 1988 hearing the Court did not deny the motion for reconsideration of the summary judgment. Rather, defendant contends that the Court promised to review the transcript of the evidentiary hearing that had been held on the motion for summary judgment. According to defendant's recollection, the purpose of the promised review was to see whether "defendants had raised the issue that the automobile was inoperative, due to the actions or inactions of the plaintiff." If the transcript of that hearing did show that these facts had been alleged by defendants, "it will then be grounds to set the matter for trial." Defendants maintain that "we are still waiting for said review of said transcript."

Defendant's recollection of what happened at the September 2 hearing differs from the recollection of the Court and of plaintiff's counsel. It also differs from the record taken by the Clerk at the September hearing, which states as follows:

> Court: Motion for Reconsideration is denied.
> Bank will submit a new judgment on the interest rate will be 15% instead of 18%.
> Pene will have ten (10) days to appeal.

At the hearing on the present motion, however, the Court undertook to review the court reporter's verbatim record of the September 2 hearing to see whether defendant's recollection might be accurate.

The reporter has prepared a transcript of the only portion of the September 2 hearing in which the Court discusses the question of an inoperative car. The Court's remarks on this question, in pertinent part, were as follows:

> Now, this business about the car being inoperative. Frankly, I had a sneaking suspicion it might have been inoperative. . . . I don't want to give you any inappropriate encouragement, but I will tell you that . . . . [i]f the bank had somehow immobilized that car, if they had deliberately taken possession of the car by saying, "No, we have got the title documents and we are going to keep them,

we are not going to let you get your license for that car until you pay us the money," then that might constitute a repossession and at least to the extent of the value of the car, you might have a case. I don't think that case was presented before we tried the motion for summary judgment, and I have searched in my mind for what you said orally. If I was wrong about that, there is really only one way of finding out. I am so sure that I am right about it, I am not going to deal with it any further. If you think I am wrong, you are entitled to bring an appeal. If I thought there was any significant chance that I was wrong about that, I wouldn't rule this way. But it simply is not my recollection that the issue was ever raised, and you did have the right to raise the issue at the time the motion was made.

Defendant Pene evidently misinterpreted the Court's statement. What the Court said was that if defendants had raised a certain issue at the evidentiary hearing, then the case should have been set for trial. The Court did not, however, promise to go back and check to see whether defendants had raised this issue. On the contrary, the Court said it was quite sure defendants had not raised that issue, and reminded defendants that "[i]f you think I am wrong, you are entitled to bring an appeal." If defendants wished upon appeal to contest the Court's recollection of what evidence had been presented at the evidentiary hearing, the burden of producing a transcript would be on defendants themselves. See Appellate Court Rule 10.

The present "motion in apposition" is construed as a motion to reconsider the judgment as revised, and is denied. Defendants have ten days from the date of this order to file notice of any appeal. (Counsel for the Bank has indicated his intention to argue that the time in which defendants may appeal has already expired. This argument, and any further arguments by either party, should be addressed to the Appellate Division.)

It is so ordered.